UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SCHROCK, JR.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                     /

Case No. 2:15-cv-13731

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE MONA K. MAJZOUB

**OPINION AND ORDER OVERRULING OBJECTIONS
[16], ADOPTING REPORT AND RECOMMENDATION [15],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

The Commissioner of the Social Security Administration ("SSA") denied Jeffrey Schrock, Jr.'s application for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). The SSA Appeals Council declined to review the ruling, and Schrock appealed. The Court referred the matter to the magistrate judge and the parties filed cross-motions for summary judgment. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Schrock's motion and grant the Commissioner's motion. Schrock filed timely objections. Having examined the record and considered the objections de novo, the Court will overrule the objections, adopt the Report, deny Schrock's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

### BACKGROUND

The Report properly details the events giving rise to Schrock's action. Report 2–3, ECF No. 15. The Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not review the portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept it as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

**DISCUSSION**

Schrock objects to the magistrate judge's decision to uphold the ALJ's adverse

credibility determination based on Schrock's noncompliance with his prescribed medical treatment. The ALJ's decision, he argues, was not supported by substantial evidence; he says the record instead shows that Schrock "lacked the funds and mental stability to adhere to the treatment program." Obj. 2, ECF No. 16.

An ALJ may properly assess a claimant's credibility when considering her complaints. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). And because an ALJ's duty is to observe a witness's demeanor and credibility, any findings based on credibility are to be accorded great weight and deference. *Id.*

Here, the magistrate judge clearly and comprehensively outlined the ALJ's assessment of Schrock's noncompliance with his medical treatment for Type I diabetes. *See* Report 8–10, ECF No. 15. Although Schrock claimed there were mental, social, and fiscal barriers to complying with his treatment, the ALJ found that the evidence in the entire case record diminished the credibility of his allegations: his mental heath issues were mild considering the symptomology, intervention, and service that accompanies severe issues; he did not pursue mental health treatment like someone whose mental health bars him from work activity; he had access to low cost psychological providers; he possessed the requisite intelligence, concentration, and memory for his diabetes treatment; and, among other things, he reportedly completed a wide range of daily activities. AR 28–31, ECF No. 9-2.

The Court accords great deference to the ALJ's findings, and concludes that they are proper. Substantial evidence supported the ALJ's determination that Schrock was not disabled.

**CONCLUSION**

The Court has carefully reviewed the parties' motions, the Report, and Schrock's objections. The Court finds the objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Schrock's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Schrock's Objections [16] are **OVERRULED**, and the magistrate judge's Report and Recommendation [15] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Schrock's Motion for Summary Judgment [12] is **DENIED**, and the Commissioner's Motion for Summary Judgment [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 13, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 13, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager